UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

| | |
|---|---|
| EDWIN JESUS PEÑA, *on behalf of himself and all persons similarly situated,*<br><br>Plaintiff,<br><br>- vs. –<br><br>TOP CONCOURSE ELECTRONICS, INC. and DAVID ZANDI,<br><br>Defendants. | DOCKET NO. 20-cv-_____<br><br>**COMPLAINT** |

Plaintiff Edwin Jesus Peña by and through his undersigned attorneys, for his complaint against Defendants Top Concourse Electronics, Inc. and David Zandi allege as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to unpaid wages from Defendants for work for which he did not receive proper overtime premium pay as required by law.

2. Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor

regulations; (iii) compensation for unpaid "spread-of-hours" pay in violation of the New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Mr. Edwin Jesus Peña is an adult individual residing in the Bronx, New York.

4. Upon information and belief, Defendant Top Concourse Electronics, Inc. is a New York corporation with a principal place of business located at 2482 Grand Concourse, Bronx, NY 10458.

5. At all relevant times, Defendant Top Concourse Electronics, Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, Defendant Top Concourse Electronics has had gross revenues exceeding $500,000.00.

7. Upon information and belief, at all relevant times herein, Defendant Top Concourse Electronics has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

8. Upon information and belief, at all relevant times, Defendant Top Concourse Electronics constituted an "enterprise" as defined in the FLSA.

9. Upon information and belief, Defendant David Zandi is the owner or part owner and principal of Top Concourse Electronics; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

10. David Zandi is involved in the day-to-day operations of Top Concourse Electronics and plays an active role in managing the business.

11. Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

14. At all relevant times herein, Defendants owned and operated an electronics and home audio store in New York.

15. Mr. Peña was employed by Defendants as a salesman from approximately 2008 until November 15, 2019.

16. Mr. Peña's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

17. At all relevant times herein, Mr. Peña was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

3

18. Throughout his employment with Defendants, Mr. Peña's schedule has been five days per week, with Tuesdays and Fridays off.

19. Mr. Peña worked from 9:30 A.M. to 8:00 P.M.

20. Consequently, Mr. Peña worked roughly 52.5 hours per week through each week of his employment with Defendants.

21. Mr. Peña was paid $425.00 per week in cash.

22. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

23. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

24. Defendants failed to provide Plaintiff with an additional hour's pay at the New York minimum wage for each shift that exceeded ten hours, in violation of the New York Labor Law and its supporting regulations.

25. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

26. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

27. Upon information and belief, throughout the period of Plaintiff's employment, both before that time and continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions at Defendants' business that required

little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

28. Upon information and belief, these other individuals have worked more than forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

29. Upon information and belief, these other individuals were not provided with an additional hour's pay at the New York minimum wage on days when their shifts exceeded ten hours, in violation of the New York Labor Law and its supporting regulations.

30. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

31. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I: Fair Labor Standards Act - Overtime

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

35. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II: New York Labor Law – Minimum Wage

38. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40. Defendants willfully violated the rights of the Plaintiff by failing to pay them compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

41. Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

42. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III: New York Labor Law - Overtime

43. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

46. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV: New York Labor Law – Wage Theft Prevention Act

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

7

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

51. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

52. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

53. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them,

as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: February 5, 2020

                                                                                          _____

Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff*