UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN JESUS PENA,

            Plaintiff,

   -v-

TOP CONCOURSE ELECTRONICS, INC., and
DAVID ZANDI,

           Defendants.
-----------------------------------------------------------X

**ORDER**

20-CV-1015 (PAE) (JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/22/2020__

**JAMES L. COTT, United States Magistrate Judge.**

      WHEREAS, the parties participated in a mediation with the Court's Mediation Program and the mediator has now reported that the parties reached a settlement in principle (Dkt. No. 19);

      **IT IS HEREBY ORDERED** that, given the reported settlement, all discovery deadlines are hereby stayed.

      **IT IS HEREBY FURTHER ORDERED** that the parties are directed to file a joint letter motion along with their settlement agreement **no later than October 22, 2020** to request court approval. The letter motion should explain why the proposed settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      If the parties wish to have me review the settlement, they must file a consent form pursuant to 28 U.S.C. 636(c) (such a form is available on the SDNY website) **by October 22** (along with their settlement papers). Otherwise, the parties are directed to submit their settlement papers to Judge Engelmayer, the assigned district judge.

If they consent to my jurisdiction, the parties are directed to my rulings in *Cruz v. Relay Delivery, Inc.*, 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y. Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible): *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for further guidance as to permissible and impermissible terms.[1]

**SO ORDERED.**

Dated: September 22, 2020
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] For recent settlement papers that I have approved, the parties are directed to the following cases, as examples: *Rodriguez v. Emenike*, No. 18-CV-5786 (Dkt. Nos. 36, 38 (settlement agreement); Dkt. No. 37 (court approval order)); *Yahuiti v. L Ray LLC*, No. 19-CV-1114 (Dkt. No. 24 (settlement agreement); Dkt. No. 25 (court approval order)); *De Luna Hernandez v. City Catering*, No. 18-CV-3919 (Dkt. No. 49 (settlement agreement); Dkt. No. 50 (court approval order)); and *Sanchez v. New York Kimchi Catering Corp.*, No. 16-7784 (Dkt. No. 98 (settlement agreement) and Dkt. No. 99 (court approval order).