# SAMUEL & STEIN

### ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

October __, 2020

ADMITTED IN
NY

**Via ECF**

Hon. James L. Cott, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: Edwin Jesus Pena v.*
*Top Concourse Electronics, Inc., and David Zandi*
**Case No. 1:20-cv-01015 (PAE) (JC)**

Dear Judge Cott:

    We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Michael Chong of MKC Law Group, counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel, after a joint mediation process. A copy of the Settlement Agreement is provided herewith.

Background

    Plaintiff was employed by Top Concourse Electronics, Inc., and David Zandi, as a salesman, from approximately 2008 until November 15, 2019. Plaintiff commenced this action on February 5, 2020 by filing a Complaint against Defendants alleging, *inter alia*, failure to pay minimum wage, unpaid overtime, and spread of hours wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and claims under the NYLL for failure to provide wage notices and wage statements, and liquidated damages.

    In the complaint, Plaintiff alleges that Defendants failed to pay minimum wage, and failed to compensate him for hours worked over 40 in the workweek. Additionally, Plaintiff asserted that Defendants failed to provide him with the notices or weekly wage statements required by the NYLL. Defendants deny all the allegations made in the Complaint. The Settlement Agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

1

## Settlement Agreement

The parties engaged in substantial settlement negotiations and discovery, which included the exchange of documents such as the copies of Plaintiffs' pay records. The parties also jointly participated in a mediation held during September and October 2020.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Thirty-two-thousand five-hundred dollars ($32,500.00)**, which is inclusive of legal fees and costs. While the final settlement amount is less than Plaintiff's maximum possible recovery of approximately $195,000, we believe this to be a fair resolution of this matter.

By settling now, Plaintiff ensures that he will get a meaningful portion of what he could potentially recover, and he does so without having to wait through additional months of likely fruitless additional discovery, then having to face the uncertainty of trial. Further, by settling now Plaintiff avoids the risk that Defendants will be unable to satisfy a larger judgment, a possibility that appears reasonably likely in view of the current economic environment. In addition, prior to the mediation that was conducted in this matter, Defendant produced numerous time records which, if believed, would greatly reduce the amount of money owed to Plaintiff. Defendant also produced documents that showed that the corporate defendant has serious financial difficulties due to COVID19.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

The settlement will enable the parties to avoid the burdens and expenses of trial, as well as the

litigation risks that always accompany same. Because the parties engaged in substantial document exchange, as well as mediation, they had sufficient information to assess those risks as to the merits of the claims, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g., Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights.

As Plaintiff is no longer employed by Defendants, there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiffs, we will retain 1/3 of the settlement (i.e., a total of **$10,833**) as attorneys' fees.

In total, Plaintiff's counsel expended 20.40 hours in representation of Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of Samuel & Stein. I have been admitted and practiced law in the state of New York since 1993, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is

$450. I believe this hourly rate to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached is a record of all time spent by Plaintiff's counsel on this matter.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g., Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with 'contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

## Release

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiff's claims. ,

## Conclusion

For all the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

*/s/ Michael Samuel*
Michael Samuel, Esq.

Enc.

cc. Michael Chong, Esq. (by ECF)

| Ledger Description | Type | Date Posted | User | Hrs/Qty | Rate/@ | Bill To | Amount |
|---|---|---|---|---|---|---|---|
| preapre and edit settlement agreement | (Invoice: Billable Time) | 10/27/2020 | MS | 3.20 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -1440.00 |
| mediation | (Invoice: Billable Time) | 09/21/2020 | MS | 3.40 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -1530.00 |
| preapre for mediation | (Invoice: Billable Time) | 09/07/2020 | MS | 3.10 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -1395.00 |
| review defendant document production | (Invoice: Billable Time) | 09/01/2020 | MS | 4.10 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -1845.00 |
| review damage calculation | (Invoice: Billable Time) | 08/11/2020 | MS | 1.40 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -630.00 |
| Initial conference | (Invoice: Billable Time) | 04/30/2020 | MS | 0.10 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -45.00 |
| prepare draft discovery schedule | (Invoice: Billable Time) | 04/28/2020 | MS | 1.30 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -585.00 |
| review Answer | (Invoice: Billable Time) | 03/24/2020 | MS | 1.20 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -540.00 |
| prepare draft complaint; review file | (Invoice: Billable Time) | 02/04/2020 | MS | 2.60 | 450.00 | Edwin Jesus Pena, v. Top Concourse Electrconics 2 Computers | -1170.00 |

Total: 20.40 hrs    $-9,180.00