USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 11/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN JESUS PENA,

Plaintiff,

-v-

TOP CONCOURSE ELECTRONICS, INC. and DAVID ZANDI,

Defendants.
-----------------------------------------------------------X

**ORDER**

20-CV-1015 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 22) and have now submitted a joint "fairness letter" (Dkt. No. 27)[1] and a fully executed settlement agreement (Dkt. No. 27-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given defendants' financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y.

[1] The letter is undated.

2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, and the parties having participated in the Court's mediation program that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)), except for one.[2] The parties' settlement agreement (at paragraph seven) includes a mutual non-disparagement provision.[3] As the Court explicitly informed the parties when it issued its order scheduling the submission of their settlement papers (Dkt. No. 20), any such provision must include a carve-out for truthfulness. *See* Order dated September 22, 2020 (citing *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695, at *2 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for

---

[2] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel.

[3] Paragraphs 7(a) and (b) provide: "Plaintiff/Defendants agree not to make any false statement about Defendants or any of the Releasees/Plaintiff that is derogatory, disparaging, or defamatory, whether by electronic, written, or oral means, to any person (including, but not limited to, the press or any media, or on social media websites)."

truthfulness); *see Payano v. 1652 Popham Assocs., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) ("Courts in this Circuit have held that while 'not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case [because] [o]therwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable.'") (citations omitted).

No such carve-out is provided here. However, the settlement agreement includes a severability provision (at paragraph 12(b)). Accordingly, the Court hereby finds the mutual non-disparagement paragraphs (7(a) and (b)) to be invalid as written and therefore severable and unenforceable. *See, e.g., Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19-CV-8486 (PGG) (BCM), 2019 WL 6117588, at *3 (S.D.N.Y. Nov. 18, 2019) (relying on severability clause, striking, *inter alia*, non-disparagement clause, and approving settlement as modified).

The Court therefore approves the settlement agreement, as modified by striking paragraphs 7(a) and 7(b).

The parties are directed to file a fully executed stipulation and order of dismissal with prejudice no later than **November 19, 2020**, otherwise the Court will simply direct the Clerk to close this case.[4]

**SO ORDERED.**

Dated: November 10, 2020
New York, New York

JAMES L. COTT
United States Magistrate Judge

[4] While the settlement letter (on page 4) says that the parties have filed a stipulation of dismissal with their settlement papers, they have not, in fact, done so.